IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| IN RE:<br>LITTCO METALS, LLC | CHAPTER 7. CASE NO. 23-10069-SDM<br>ADV. PROCEEDING NO: 24-01024-SDM |
| JASON RICHARD LITTRELL AND<br>WILLIAM L. FAVA, TRUSTEE FOR<br>LITTCO METALS, LLC d/b/a LITTCO,<br>LLC, LITTCO METALS EQUIPMENT<br>LEASING, INC., AND LITTCO METALS<br>MANAGEMENT CO. | PLAINTIFFS |
| V. | NO: 1:25-CV-00025-GHD |
| TYLER BURGESS; TONIA ETOH;<br>INTERNATIONAL DEVELOPMENT<br>SERVICES, INC.; et al. | DEFENDANTS |

## MEMORANDUM OPINION

Presently before the Court is the Defendants International Development Services, Inc., Tyler Burgess, Tonia Etoh, International Services, Inc., Tavas, LLC, Penhurst Capital, Inc., Nathan Free, Jerold Weissberg, Robert Legon, Bruce Bush, Dale Johnston, and James Peters's (collectively "IDS Defendants") Motion to Withdraw Reference [1], in which they seek withdrawal of the reference to Bankruptcy Court for the adversary proceeding related to the debtor Littco Metals' pending bankruptcy case. Upon due consideration, the Court finds the motion should be granted. The reference to Bankruptcy Court for the subject adversary proceeding shall be withdrawn; this Court shall adjudicate the claims pending in the adversary proceeding.

**Factual and Procedural Background**

On January 10, 2023, the debtor Littco Metals, LLC filed a Chapter 11 voluntary bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Mississippi where it remains pending as a Chapter 7 petition under case number 23-10069-SDM [1]. On July 18, 2024,

Littco filed an adversary proceeding, assigned No. 24-01024-SDM, against a number of its creditors (Defendants in the adversary proceeding) [1], in which it seeks to recover damages from the Defendants under various causes of action including negligence, breach of contract, conversion, and for civil RICO violations [1]. The Defendants' present motion to withdraw reference followed [1]. The Plaintiffs have responded in opposition.

## Standard

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. 1334(b); see also *Matter of Highland Capital Management, L.P.*, No. 22-10983, 2023 WL 4842320, at *2 (5th Cir. July 28, 2023). District courts are permitted to refer "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11" to the bankruptcy courts. 28 U.S.C. § 157(a). Indeed, pursuant to 28 U.S.C. § 157(a), the United States District Courts for the Northern and Southern Districts of Mississippi have implemented a Uniform Local Rule referring all cases and proceedings arising under or arising in or related to a case under Title 11 to this District's Bankruptcy Court. *See* Uniform Local Rule 83.6.

In assessing jurisdiction, there is no need "to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', Title 11" because "[t]hese references operate conjunctively." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* "[The Fifth Circuit has] read this jurisdictional grant broadly, stating that the test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could *conceivably* affect the estate being administered in bankruptcy." *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (emphasis added); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir.

2

2007); see also *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D. Miss. 2001) ("Generally, a proceeding is related to a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy.") "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome *could* alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.* (emph. added). In the case *sub judice*, the parties do not dispute that this matter is, at a minimum, related to a case under Title 11 and that the Court therefore has jurisdiction over this matter.

Withdrawal of the reference of a case, in whole or in part, that has been referred to the bankruptcy court can be mandatory or discretionary. Under discretionary or permissive withdrawal, once a case has been referred to the bankruptcy court, the district court for cause shown may withdraw the reference in whole or in part and return the case to the district court for adjudication. 28 U.S.C. § 157(d). Mandatory withdrawal applies when the Court "determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce;" in that circumstance, the Court shall withdraw the reference. 28 U.S.C. § 157(d).

### Analysis and Discussion

The Court first considers whether mandatory withdrawal applies to the reference of this adversary proceeding. Mandatory withdrawal applies when: (1) the motion for withdrawal was timely filed; (2) a non-Bankruptcy Code federal law at issue has more than a *de minimis* effect on interstate commerce; and (3) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law. *Holbrook v. J.P. Morgan Chase Bank, National Association*, No.

3:18-CV-109-DPJ-FKB, 2018 WL 3213155, at *2 (S.D. Miss. June 25, 2018); *Jones v. Walter Mortgage Co.*, No. 3:08-CV-124-SA, 2009 WL 2999195, at *2 (N.D. Miss. Sept. 16, 2009).

The parties do not dispute the existence of the first two elements of the test for mandatory withdrawal, so the Court focuses on the third element – whether this adversary proceeding involves a substantial and material question of non-Bankruptcy Code federal law. In making this determination, the Court "must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law. Withdrawal is thus mandatory 'when the court must undertake analysis of significant open and unresolved issues regarding the non-[bankruptcy] law.'" *Burleigh v. Hometown Credit, LLC*, 575 B.R. 154, 157 (S.D. Miss. 2017), citing *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (Bankr. S.D. Tex. 2009).

Here, the Plaintiffs have asserted federal civil RICO claims as part of their Complaint in this adversary proceeding [Doc. 1 in Case 24-01024-SDM]. The federal RICO statute contains three different categories of prohibited conduct. 28 U.S.C. § 1962. In their Complaint, which numbers 31 pages and nearly 200 paragraphs, the Plaintiffs assert that different combinations of the Defendants have violated different subsections of the RICO statute, resulting in potential violations of all three subsections of the RICO statute by varying groups of Defendants. Further, the Plaintiffs require over 100 paragraphs in their Complaint to lay out their complex and overlapping allegations against the Defendants, including allegations that Revenue Purchase Agreements arranged by the Defendants were in actuality Merchant Cash Advances that were tantamount to "usurious loans." [Doc. 1, 24-01024-SDM]. The Plaintiffs further allege that the actions taken by the Defendants to procure payment, refinancing, or collection on the loans violated the RICO statute. *Id.*

The Court finds the gravity of these allegations, combined with their complexity, involve a substantial and material question of the RICO statute and will require the Court to interpret the statute and federal caselaw regarding the RICO statute, rather than mere application of the statute and related caselaw. The Court therefore finds withdrawal of the reference in relation to this adversary proceeding is mandatory pursuant to 28 U.S.C. § 157(d) and related caselaw. The Defendants' Motion to Withdraw Reference shall therefore be granted.

## Conclusion

For the reasons stated above, the Court finds the Defendants' Motion to Withdraw Reference [1] should be granted. This adversary proceeding shall be adjudicated in this Court.

An order in accordance with this opinion shall issue this day.

This, the 1st day of May, 2025.

_____
SENIOR U.S. DISTRICT JUDGE